**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MICHAEL HARRISON LOTT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-14010** |
| **SHERIFF JOSEPH LOPINTO, <u>ET AL</u>.** | **SECTION: "D"(5)** |

## <u>REPORT AND RECOMMENDATION</u>

Before the Court is a motion to dismiss, or alternatively for summary judgment, filed on behalf of Defendant, Sheriff Joseph Lopinto ("Sheriff Lopinto").   (Rec. doc. 25). Plaintiff has filed no memorandum in opposition to the motion.[1]   For the reasons that follow, it is recommended that Sheriff Lopinto's motion be granted and Plaintiff's claims against him be dismissed.

Plaintiff filed this civil rights complaint against Defendants, Sheriff Lopinto, the Jefferson Parish Sheriff's Office, several unidentified JPSO deputies, and an unidentified Walmart store employee, alleging that excessive force was used during his arrest at a Walmart store in November of 2019.[2]   In his statement of claim, Plaintiff alleges:

---

[1] As Plaintiff has filed no memorandum in response to Defendant's motion, timely or otherwise, the Court may properly assume that he has no opposition to it.   *Johnson v. Colvin*, No. 14-CV-0401, 2014 WL 4186790 at *1 n. 2 (E.D. La. Aug. 22, 2014) (citing Local Rule 7.5 and *Bean v. Barnhart*, 473 F. Supp. 2d 739, 741 (E.D. Tex. 2007)); *Jones v. Larpenter*, No. 13-CV-0056, 2013 WL 1947243 at *1 n. 1 (E.D. La. Apr. 12, 2013), *adopted*, 2013 WL 1947188 (E.D. La. May 10, 2013) (same); *Lucas v. Crowe*, No. 11-CV-2752, 2013 WL 870514 at *1 n. 1 (E.D. La. Feb. 15, 2013), *adopted*, 2013 WL 870437 (E.D. La. Mar. 7, 2013) (same).

[2] Plaintiff was subsequently granted leave to amend his complaint to identify additional Defendants, Deputies Joshua Porche, M. Perez, and Alex Norman, along with a Walmart employee, James Willie.   (Rec. doc. 23).

Plaintiff was approached in Walmart by Officer A with a taser pointed at face and plaintiff inquired about whats going on and officer refused to say anything. As plaintiff attempted to turn around in garden section of Walmart Officer B which is a woman and officer C all jumped on plaintiff including officer A. All officers is of Jefferson Parish Sheriff Dept. Also, a Walmart worker jumped on plaintiff and took plaintiff down to ground hard. Plaintiff was publicly humiliated and excessive force by Jefferson Parish Police and Walmart Worker.[3]

Plaintiff states that he was "singled out for an unknown reason." He alleges that officers "moved in on him aggressively for no reasons" and failed to intelligently speak with him. (Rec. doc. 5-1, p. 3). He claims that he suffers emotionally from the public humiliation and physically from pain in his chest, upper back, and neck due to officers "having their knee and elbow nailed in [him]." (*Id*. at p. 4). He requests monetary compensation. (*Id.* at p. 5).

Defendant, Sheriff Lopinto, has provided the Court with a statement of uncontested facts largely gleaned from JPSO crime reports, which he attached as exhibits to his motion.[4] Defendant states that on November 5, 2019, Deputy Joshua Porche was working an off-duty detail at the Walmart in Marerro. That day, loss prevention member, James Willie, notified him that a black male, who had stolen two televisions on October 28, 2019, was present in the store. He advised Deputy Porche that the individual was wearing black/gray

---

[3] Complaint, rec. doc. 5, p. 4.

[4] *See* rec. doc. 25-1, p. 2 n. 1, Section C, Statement of Facts (citing Exhibits 1 and 2), and rec. doc. 25-2, Defendant's Statement of Uncontested Material Facts in Support of Motion for Summary Judgment.

sweatpants, a black shirt, and a Saints beanie hat, and was currently in the electronics department.    Willie also mentioned that when filing the report from the October incident, he gave a statement to police advising that Walmart intended to pursue charges.    Based on video footage from the October 28, 2019 incident, Deputy Porche confirmed that the subject was in fact the same individual currently in the store.    Additional units were requested by Deputy Porche in case Lott attempted to flee the store.    Deputy Porche saw him placing merchandise in a basket and covering it up, then leaving the basket with another male individual.    Lott then walked toward the exit through the garden department.    After a "brief altercation" with Lott, Deputy Porche placed him under arrest for the October 2019 theft.    He was also charged with resisting an officer.[5]

The Sheriff submits as an exhibit the December 12, 2019 minute entry reflecting Lott's arraignment on the charges and his plea of not guilty.    (Rec. doc. 25-6).    Ultimately, on March 2, 2020, Lott entered a plea of guilty to count one, resisting an officer, under LSA - R.S. 14:108.    The Sheriff also attaches as an exhibit the minute entry from that date and Lott's guilty plea agreement (*i.e.*, Waiver of Constitutional Rights Misdemeanor Plea of Guilty).    (Rec. doc. 25-7).

Defendant argues that Plaintiff's claims against him should be dismissed under Federal Rule of Civil Procedure 12(c), or in the alternative, the Court should grant summary

---

[5] Rec. doc. 25-1, pp. 2-3, Memorandum in Support (Statement of the Facts).

judgment in his favor under Federal Rule of Civil Procedure 56 because Plaintiff's claims are barred by *Heck v. Humphrey* 512 U.S. 477 (1994), and he has failed to show that Defendant violated his constitutional rights or that Defendant is otherwise not entitled to qualified immunity and judgment as a matter of law.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id*. (internal citations omitted).

If, on a motion under Rule 12(b)(6) or Rule 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion should be treated as one for summary judgment under Rule 56 and all parties must be given an opportunity to present all the material that is pertinent to the motion. Fed. R. Civ. P. 12(d). To the extent Defendant presents additional evidence aside from the record pleadings in support of the motion to dismiss, and alternatively moves for summary judgment, the Court will construe the motion as one for relief under Rule 56. *See e.g., Gillum v. Normand*, No. 18-CV-0934, 2019 WL 2106333 at *4 (E.D. La. May 14, 2019).

4

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985). If the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The opposing party may not rest upon the pleadings; the nonmovant must identify specific facts in the record and articulate precisely how that evidence establishes a genuine issue for trial. *See Celotex*, 477 U.S. at 325; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

Sheriff Lopinto asserts that Plaintiff's claims against him must be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). He argues that Plaintiff's § 1983 claims of excessive force necessarily imply the invalidity of Plaintiff's conviction for resisting an

5

officer, and that conviction has not been set aside.    In *Heck*, the Supreme Court explained:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.    A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.    Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 486–87 (emphasis in original) (footnote omitted).

"*Heck*'s bar extends to convictions obtained through guilty pleas."    *Thomas v. Pohlmann*, 681 Fed.Appx. 401, 406 (5th Cir. 2017).

Here, Lott was charged with and pleaded guilty to resisting an officer, a violation of Louisiana Revised Statute 14:108.    The statute provides, in pertinent part:

> A. Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest, lawful detention, or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, detaining, seizing property, or serving process is acting in his official capacity.

> B. (1) The phrase "obstruction of" as used herein shall, in addition to its common meaning, signification, and connotation mean the following:

>     (a) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.

>     (b) Any violence toward or any resistance or opposition to the arresting

6

officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.

LSA – R.S. 14:108.

In his complaint, Plaintiff alleges that officers "moved in on him aggressively and excessively" for no reason. His complaint implies he was doing nothing wrong when officers attacked him without reason. He clearly believed he was innocent of any wrongdoing and was not resisting the officers. This is confirmed by his motion for discovery wherein he sought evidence "to know exactly why did the officers come with excessive force and plaintiff was not resisting."[6]   (Rec. doc. 4).   Under the circumstances, Plaintiff's federal claim of excessive force asserting complete innocence and no resistance, if accepted, would necessarily contradict and undermine his guilty plea conviction for resisting an officer.   *See Arnold v. Town of Slaughter*, 100 Fed.Appx. 321, 325 (5th Cir. 2004) (finding excessive force claims in which plaintiff alleged that he did nothing wrong and was viciously attacked for no reason barred by *Heck* because the claims squarely challenged the factual determination underlying his conviction for resisting an officer that all stemmed from a single interaction); *Ducksworth v. Rook*, 647 Fed.Appx. 383, 386 (5th Cir. 2016) (plaintiff's excessive force claims barred by *Heck* where he was convicted of resisting arrest, disorderly conduct and assault on a police officer and his complaint presented a single narrative of an unprovoked police attack and broad claims of innocence related to the entire arrest

---

[6] The motion for discovery and Plaintiff's motion for a preliminary injunction were both previously denied.   (Rec. doc. 11).

encounter); *Daigre v. City of Waveland, Miss.*, 549 Fed.Appx. 283, 286-87 (5th Cir. 2013) (plaintiff's excessive force claims were barred by *Heck* because she thought she was innocent with respect to the "entire arrest encounter," which undermined her resisting-arrest conviction where it was clear the excessive force claims were based on a single interaction with police, the same interaction that resulted in her being charged with resisting arrest).

Defendant also argues that "any state law claims are barred for the same reason."[7] Plaintiff does not clearly state any state-law claims in his complaint.     However, the State is correct that any such claims would likewise be barred by *Heck*.     " 'Louisiana follows the rule from *Heck* and does not allow state law claims to withstand summary judgment if the claims challenge the validity of the underlying criminal conviction.' "[8]     Thus, as previously discussed, Plaintiff's state-law claims would also necessarily imply the invalidity of his underlying conviction for resisting an officer, and therefore be barred by *Heck*.     Based on the foregoing, there are no issues of material fact in dispute and summary judgment as a matter of law is the appropriate remedy at this stage.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Sheriff Lopinto's motion be granted and that Plaintiff's claims against him be dismissed with prejudice until such time as the

---

[7] Rec. doc. 25-1, p. 11.

[8] *Gillum*, 2019 WL 2106333 at \*9 (citing *Sheppard v. City of Alexandria*, No. 10-CV-1396, 2012 WL 3961820 at \*2 (W.D. La. Sep. 10, 2012)).

conditions of *Heck* are met.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[9]

New Orleans, Louisiana, this __25th__ day of _____August_____, 2020.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[9] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.