UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL HARRISON LOTT                               CIVIL ACTION

VERSUS                                              NUMBER: 19-14010

SHERIFF JOSEPH LOPINTO, ET AL.                      SECTION: "D"(5)

## REPORT AND RECOMMENDATION

Earlier in this case, the undersigned issued a Report and Recommendation recommending that the motion to dismiss/for summary judgment filed on behalf of Defendant, Sheriff Joseph Lopinto (rec. doc. 25), a motion against which Plaintiff filed no memorandum in opposition, be granted and that Plaintiff's 42 U.S.C. §1983 claim against him be dismissed with prejudice until such time as the conditions of *Heck v. Humphrey*, 512 U.S. 477 (1994) are met. (Rec. doc. 27). Plaintiff filed no objections to that Report and Recommendation and on September 21, 2020, the District Judge adopted the Report and Recommendation as her own opinion and dismissed Plaintiff's claim against the Sheriff as recommended. (Rec. doc. 31). Having now further screened Plaintiff's complaint as mandated by 28 U.S.C. §1915(e), 28 U.S.C. §1915A, and 42 U.S.C. §1997e, the Court issues this Report and Recommendation with respect to Plaintiff's §1983 claims against the four remaining Defendants. For the reasons that follow, it is recommended that Plaintiff's §1983 claims against Defendants, Deputy Joshua Porche, Deputy M. Perez, and Captain Alex Norman, all of the Jefferson Parish Sheriff's Office ("JPSO"), also be dismissed with prejudice until such time as the conditions of *Heck* are met. It is further recommended that Plaintiff's §1983 claim against Defendant, James Willie of Walmart, be dismissed with

prejudice as frivolous and for failing to state a claim upon which relief can be granted.[1]

By way of background recall that the incident at issue in this litigation occurred at a local Walmart store on November 5, 2019 which Plaintiff described in his original complaint as follows:

> Plaintiff was approached in Walmart by Officer A with a taser pointed at face and plaintiff inquired about whats going on and officer refused to say anything. As plaintiff attempted to turn around in garden section of Walmart Officer B which is a woman and officer C all jumped on plaintiff including officer A. All officers is of Jefferson Parish Sheriff Dept. Also, a Walmart worker jumped on plaintiff and took plaintiff down to ground hard. Plaintiff was publicly humiliated and excessive force by Jefferson Parish Police and Walmart Worker.

(Rec. doc. 5, p. 4).

Plaintiff further alleged that the officers singled him out and moved in on him aggressively for no reason, for which he sought significant compensatory damages. (*Id.* at p. 5; rec. doc. 5-1, pp. 3-4).

In resolving the successful dispositive motion previously brought by the Sheriff, the Court found, and the District Judge subsequently agreed, that Lott's plea-based conviction for resisting an officer, a violation of LSA-R.S. 14:108, barred his §1983 excessive force claim because his present allegations, if accepted as true, would necessarily contradict and undermine that conviction. (Rec. doc. 27, pp. 5-9). That rationale applies with equal force and effect to Plaintiff's §1983 claims against Deputies Poche and Perez and Captain Norman. Indeed, the *Heck* bar applies with even greater force with respect to those Defendants, as opposed to the Sheriff, who appears to have been named as a Defendant herein simply because he employs those officers, as the theories of strict or vicarious

---

[1] These four Defendants were identified by Plaintiff via an amended complaint. (Rec. doc. 21).

liability are inapplicable to proceedings brought under §1983. *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir.), *cert. denied*, 471 U.S. 1126 (1985); *Lozano v. Smith*, 719 F.2d 756, 768 (5th Cir. 1983); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981). For these reasons, it will be recommended that Plaintiff's §1983 claims against Porche, Perez, and Norman be dismissed with prejudice until such time as the conditions of *Heck* are met. *Puckett v. Walmart Store #5823*, No. 15-CV-2029, 2017 WL 6612944 at *7-8 (N.D. Tex. Nov. 6, 2017), *adopted*, 2017 WL 6611576 (N.D. Tex. Dec. 27, 2017).

With the foregoing recommended dismissals, that leaves before the Court only Plaintiff's §1983 claim against James Willie, a member of Walmart's loss prevention team. As reflected by the competent summary judgment evidence previously submitted by the Sheriff, which evidence has gone wholly uncontroverted by Plaintiff, on the day in question Willie notified Deputy Porche, who was working an off-duty detail, that a black male who had previously stolen two televisions on October 28, 2019 was present in the store. (Rec. doc. 25-5, . 4). Willie gave Porche a description of the individual and reiterated that Walmart intended to pursue charges for the earlier theft. (*Id.*). After viewing video footage of that earlier theft, Deputy Porche confirmed that the subject was in fact the same individual who was currently at the store. Porche requested additional units in the event Lott attempted to flee. Deputy Porche also observed Lott place cellular phones inside his shopping basket, cover them up with a sheet or towel, and pass the basket off to another individual before walking toward the garden department exit. (*Id.*). Porche encountered Lott there and placed him under arrest after a brief altercation. (*Id.*).

In order to establish a viable claim under §1983 a plaintiff must prove: 1) a violation of a constitutional right and, 2) that the alleged violation was committed by a

3

person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A defendant who acts under color of state law is "... clothed with the authority of state law," *id.* at 49, and his "... deprivation of a federal right [must] be fairly attributable to the state." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). In the matter at hand, Plaintiff alleges no facts that could plausibly support the theory that Willie acted under color of state law. As numerous courts have held, neither Walmart nor its employees are considered to be acting under color of state law for purposes of §1983 liability. *Harris v. Wal-Mart Stores Texas, LLC*, No. 19-CV-0248, 2020 WL 4726757 at *12 (S.D. Tex. May 6, 2020); *Alexander v. City Police of Lafayette*, No. 11-CV-1749, 2019 WL 2345083 at *4-5 (W.D. La. Feb. 27, 2019), *adopted*, 2019 WL 2334196 (W.D. La. May 29, 2019); *Woods v. Wal-Mart*, No. 18-CV-0005, 2018 WL 8996624 at *2-3 (W.D. Tex. Aug. 14, 2018); *Puckett*, 2017 WL 6612944 at *5-6; *Payne v. Spoon*, No. 14-CV-3456, 2015 WL 2452522 at *3-5 (W.D. La. May 21, 2015); *Johnson v. Box*, No. 10-CV-0114, 2010 WL 2773255 at *3 (S.D. Miss. Jul. 13, 2010).

While §1983 does not apply to non-state or private actors, a plaintiff can assert a colorable §1983 claim against such actors if they "... engaged in a conspiracy with state actors to violate [his] constitutional rights." *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008), *reh'g denied*, 555 F.3d 509 (5th Cir. 2009). For a private citizen like Willie to be held liable under §1983, "... the plaintiff must allege and prove that the citizen conspired with or acted in concert with state actors." *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989). "A plaintiff satisfies this burden by alleging and proving: '(1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights. Allegations that are merely conclusory without reference to specific facts, will not suffice.'" *Alexander*, 2019 WL 2345083 at *4 (quoting *Priester v. Lowndes*

4

*County*, 354 F.3d 414, 420 (5th Cir. 2004)). "A plaintiff must 'allege specific facts to show an agreement.'" *Tebo*, 550 F.3d at 496 (quoting *Priester*, 354 F.3d at 421). In the retail context, the Fifth Circuit through a series of cases has "... established that a merchant is not a state actor unless the conduct on the part of a guard or officer giving rise to the deprivation occurred based solely on designation of suspicion by the merchant and was not accompanied by any independent investigation by the officer." *Alexander*, 2019 WL 2345083 at *5 (citing *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 749-50 (5th Cir. 2001) and other cases). Even an officer's partial reliance on a merchant's suspicion will not create state action where the officer conducts an independent investigation. *Payne*, 2015 WL 2452522 at *4 (citing *Bartholomew v. Lee*, 889 F.2d 62, 63 (5th Cir. 1989) and *Hernandez v. Schwegmann Bros. Giant Supermarkets, Inc.*, 673 F.2d 771, 771-72 (5th Cir. 1982)).

Plaintiff in the instant case makes no allegation of a preexisting agreement or preconceived plan between Willie and the members of the JPSO, much less does he identify specific facts pointing to such an agreement. The competent summary judgment evidence of record reveals that Porche conducted an independent investigation into the incident, including reviewing video footage of the previous theft Lott had committed, independently observing Lott himself engaged in suspicious activity in the store, and authoring his own report. *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 749-50 (5th Cir. 2001). Because Willie was not acting under color of state law for purposes of §1983 liability, Plaintiff's claim against him should be dismissed as frivolous and for failing to state a claim upon which relief can be granted. *Alexander*, 2019 WL 2345083 at *5; *Johnson*, 2010 WL 2773255 at *3.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's §1983 claims against Defendants, Deputy Joshua Porche, Deputy M. Perez, and Captain Alex Norman, be dismissed with prejudice until such time as conditions of *Heck* are met. It is further recommended that Plaintiff's §1983 claim against Defendant, James Willie of Walmart, be dismissed as frivolous and for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii), 28 U.S.C. §1915A(b)(1), and 42 U.S.C. §1997e(c)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2]

New Orleans, Louisiana, this  28th  day of _____ January _____, 2021.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.